# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00058-CV

---

### Jose Antonio Venero Lugo, Scott D. Weaver, and Venero Law, PLLC, Appellants

### v.

### Gerardo Felipe Cordova Sanchez, Appellee

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-004061, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Jose Antonio Venero Lugo, Scott D. Weaver, and Venero Law, PLLC (collectively Venero Law) bring this interlocutory appeal of the district court's order denying their motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-011, 51.014(a)(12). In one issue with two subparts, they contend that the district court erred by denying the motion to dismiss because: (1) Gerardo Felipe Cordova Sanchez's claims against them in the underlying suit are based on and in response to their exercise of the right to petition, and (2) Cordova did not establish by clear and specific evidence a prima facie case for each essential element of his claims. We will affirm the district court's order.

# BACKGROUND[1]

Cordova, a Venezuelan citizen, immigrated to the United States in July 2016. After his marriage to an American citizen, Cordova wanted to file an "Application for Adjustment of Status" to become a permanent resident. Because of his limited English proficiency at the time, Cordova sought a bilingual immigration lawyer. He went to Venero Law, PLLC, and spoke with the firm's namesake, Jose Antonio Venero. Venero told Cordova that he was an attorney qualified to practice law in the United States and licensed to practice domestic law in Texas, that he had practiced United States law with a company in the United States, and that he used to be a lawyer in Venezuela. Cordova's spouse had a conviction for indecency with a child, and Cordova asked Venero during their initial interview whether that conviction would be a hindrance to the application. Venero told Cordova that it would not make a difference.

In January 2017, based on Venero's representation that he was qualified to practice United States immigration law, Cordova entered into a contract with Venero Law, PLLC, to represent him in filing an application for adjustment of status. That immigration-law matter involved filing several U.S. Immigration forms, including a Form I–130, Petition for Alien Relative. In exchange for what he believed was legal representation in this immigration-law matter, Cordova agreed to pay, and did pay, a fee of $3,000.

---

[1] The background is taken from the pleadings and evidence in the record when the district court ruled on the motion to dismiss. We do not consider either party's references in this appeal to websites or documents that were not first presented to the district court. *See Shiflet v. Port Arthur Patrolmen's Hunting Club*, No. 09-19-00012-CV, 2019 Tex. App. LEXIS 7939, at *5 (Tex. App.—Beaumont Aug. 29, 2019, no pet.) (mem. op.) (declining to consider evidence outside record in appeal of denial of TCPA motion to dismiss); *Cox v. GMAC Mortg., LLC*, No. 03-15-00440-CV, 2016 Tex. App. LEXIS 10982, at *5 n.3 (Tex. App.—Austin Oct. 7, 2016, no pet.) (mem. op.) (declining to consider website and documents that were not part of appellate record).

Cordova notes that an adjustment of status application typically takes six to eighteen months for adjudication by the United States Citizenship and Immigration Service (USCIS). Here, the process of adjudication was delayed to over two years. Venero's daughter Oriana Venero, also not a licensed attorney, worked most often with Cordova in completing the application, which took nearly two months. After the application was sent to the USCIS, it was returned because of filing errors and omissions. In April 2017, Venero Law received a First Request for Evidence from the USCIS as to Cordova's Form I-864 for failure to include all necessary supporting documents and failure to properly complete the forms. In July 2017, the USCIS requested a translation of Cordova's birth certificate, which had already been prepared but was not sent to the USCIS. These delays resulted in Cordova remaining without a work permit and hindered his access to insurance for medical treatment of his chronic health condition.

In February 2018, a year after the process began, the USCIS requested "extensive documentation" as to Cordova's spouse's criminal history.[2] About two months after the USCIS requested the additional criminal-history documentation, Venero Law, PLLC, hired a Texas-licensed attorney, Helen Mai-Linh Halldorsson, who left the firm by April 2019. In July 2019, Venero Law, PLLC hired Scott Weaver, another Texas-licensed attorney, who was assigned Cordova's case. Cordova became concerned about being assigned another young lawyer and

---

[2] Attached to Cordova's response to the motion to dismiss is a policy memo from the USCIS, addressing its screening of applications that implicate the Adam Walsh Act. The memo notes that the Act prohibits a U.S. citizen or lawful permanent resident who has been convicted of any "specified offense against a minor" from filing a family-based visa petition for any beneficiary unless the Secretary of Homeland Security determines, "in the Secretary's sole and unreviewable discretion," that the petitioner poses no risk to the beneficiary. *See* 8 U.S.C. § 1154(a)(1)(A)(viii), (B)(i).

reviewed the Texas State Bar's website for information about Venero. Cordova then learned that Venero was not a Texas-licensed attorney, despite his statements to the contrary.

It is undisputed that Venero was not a Texas-licensed attorney. In his response to the TCPA motion, Cordova averred that Venero never disclosed that fact to him. Nothing in the record shows that Venero was a licensed attorney in any United States jurisdiction. Rather, his pleadings and argument assert that he is licensed to practice law in Venezuela and that he "holds a Foreign Legal Consultant designation with the State Bar of Texas." *See* Rules Governing Admission to the Bar of Tex. XIV, § 1(a) ("In its discretion the Supreme Court may certify to practice in Texas as a legal consultant . . . a member in good standing of a recognized legal profession in a foreign country. . . ."). As Cordova pointed out to the trial court, Venero's name is not on the list of "Qualified Foreign Legal Consultants in the State of Texas" maintained by the State Bar of Texas, and there is no evidence that Venero held that designation during any relevant time period. Moreover, Venero never told Cordova that he was a foreign legal consultant, as opposed to a Texas-licensed attorney, or explained the distinction between those certifications. No attorney licensed in Texas, or anywhere in the United States, worked at Venero Law, PLLC, in 2017 when Cordova hired them and his application was prepared.

On September 5, 2019, Cordova received the USCIS's denial of his application. Venero and Weaver told Cordova that "it was very simple to appeal and that they would get everything ready." On September 22, 2019, Weaver informed Cordova that the case was actually a "complicated" one and that "it was probably best for us to start the adjustment application process from scratch instead of filing an appeal." Cordova subsequently spent "a significant amount of money hiring an experienced, licensed lawyer at the last minute" to handle his appeal.

4

In 2020, Cordova sued Venero Law, Halldorsson, and staff of Venero Law, PLLC alleging claims and legal theories including breach of contract, negligence/legal malpractice, violations of the Texas Deceptive Trade Practices Act (DTPA), breach of warranty, unjust enrichment, and specifically as to Weaver, aiding and abetting in Cordova's deception, and knowingly participating in a breach of fiduciary duty. Cordova's pleadings included complaints that Venero Law misrepresented the characteristics and benefits of the services they could provide in this immigration matter, that he would not have hired Venero Law, PLLC, and paid thousands of dollars if Venero had disclosed that he was not a Texas-licensed attorney, that Venero Law "took advantage of [his] ignorance about the U.S. legal system in order to defraud him," and that their actions likely affected his ability to obtain permanent lawful status in the United States.

Venero Law sought dismissal of Cordova's suit against them by filing a TCPA motion to dismiss. They contended that the application to adjust status with the USCIS made on behalf of Cordova implicated Venero Law's right to petition because the submissions were either communications in a "judicial proceeding" or "an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government." *See* Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i), (iii). More than two months before the hearing on Venero Law's motion to dismiss, Cordova amended his pleading which, among other things, dropped the "legal malpractice" claim against Venero.[3] Cordova also filed a response supported by several documents including his affidavit, a printout of Venero Law's website, a printout of Venero Law's Facebook page, and a list of "Qualified Foreign Legal

---

[3] Cordova explained that he did so because Venero is not a Texas-licensed attorney. The amended petition kept the legal-malpractice claim pled against Halldorsson.

Consultants in the State of Texas" maintained by the State Bar of Texas. The trial court conducted a hearing on the motion.

During the hearing, Venero Law theorized that the TCPA functioned "very much like requiring a certificate of merit in an engineering case or requiring an affidavit at the beginning of a medical malpractice case." They acknowledged that the DTPA claims Cordova pled against them are exempt from and "would be carved out of the TCPA and would not be subject to the requirement of proof." *See id.* § 27.010(a)(7). But they contended that Cordova's pleadings presented only a "fractured legal malpractice claim" and that "as a matter of law" Cordova could not "prevail" because he failed to provide expert testimony to support a legal malpractice claim.[4] *Cf. Landry's, Inc. v. Animal Legal Def. Fund*, No. 19-0036, 2021 Tex. LEXIS 414, at *21 (Tex. May 21, 2021) (stating that "prima facie case" within meaning of TCPA is "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true"). After the district court reviewed the parties' filings and considered their arguments, it denied the motion to dismiss. This appeal followed.

## DISCUSSION

**Standard of Review**

The TCPA was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries that the defendant caused. *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021); *see* Tex. Civ. Prac. & Rem.

---

[4] Venero Law's reply filed with the district court refers generally to a "professional negligence claim" instead of the "legal malpractice claim" referenced in their motion to dismiss. They did not amend their answer, which still alleged that "[Cordova]'s claims represent an improperly 'fractured' legal malpractice claim" and that "Texas law does not permit a former client to divide or fracture his legal malpractice claims into additional causes of action."

Code § 27.002. "To accomplish this objective, the Act provides a three-step process for the dismissal of a 'legal action' to which it applies." *Montelongo*, 622 S.W.3d at 295-96. First, the defendant must show that the "legal action" is "based on or is in response to" the defendant's exercise of the right of speech, petition, or association. Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b), *Montelongo*, 622 S.W.3d at 296. If the movant does not meet this initial burden, the motion to dismiss fails. *Bovee v. Heinz N. Am. Div. of J.H. Heinz Co.*, No. 03-19-00769-CV, 2020 Tex. App. LEXIS 7945, at *8-9 (Tex. App.—Austin Sept. 30, 2020, no pet.) (mem. op.); *see also Cavin v. Abbott*, 613 S.W.3d 168, 170 (Tex. App.—Austin 2020, pet. denied) ("In analyzing the TCPA's applicability, courts first determine whether the party moving for dismissal has shown by a preponderance of the evidence that the TCPA applies to the legal action against it.").

If the movant meets his initial burden, the analysis proceeds to the second step, which provides that a claimant may avoid dismissal by establishing "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c); *Montelongo*, 622 S.W.3d at 296. Even if the claimant meets that burden, the third step of the analysis provides that the court must dismiss the "legal action" if the defendant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." Tex. Civ. Prac. & Rem. Code § 27.005(d); *Montelongo*, 622 S.W.3d at 296.

When determining whether a "legal action" should be dismissed, the trial court must consider the pleadings, the evidence that a court could consider under Texas Civil Procedure Rule 166a, and the "supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We view the pleadings

7

in the light most favorable to the nonmovant, not blindly accepting a movant's attempts to characterize a nonmovant's claims as implicating protected expression but favoring the conclusion that the claims are not predicated on protected expression. *Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd). Whether the parties met their respective burdens of proof under section 27.005 of the TCPA is a question that we review de novo. *Landry's*, 2021 Tex. LEXIS 414, at *7.

**Inapplicability of TCPA**

Venero Law contends that they have met their burden under the first step of the TCPA analysis in showing that the TCPA applies to Cordova's suit because the claims against them are based on and in response to Venero Law's exercise of Cordova's right to petition the USCIS. Subsection 27.003(a) of the TCPA authorizes the filing of a motion to dismiss:

> If a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action. A party under this section does not include a government entity, agency, or an official or employee acting in an official capacity.

Tex. Civ. Prac. & Rem. Code § 27.003(a). Relevant here, the TCPA authorizes dismissal of a legal action on such a motion "if the moving party demonstrates that the legal action is based on or is in response to: (1) the party's exercise of: . . . (B) the right to petition." *Id.* § 27.005(b)(1)(B).

Venero Law contends specifically that "[t]he exercise of the right to petition in this instance is Mr. Cordova's Application to Adjust Status with the USCIS." In support of this contention, Venero Law points to cases involving only statements or communications made by

8

Texas attorneys in judicial proceedings. *See id.* § 27.001(4)(A)(i) (defining "[e]xercise of the right to petition" to include "a communication in or pertaining to a judicial proceeding"); *see also id.* § 27.001(1) (defining "[c]ommunication" to include "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic").

For instance, in *Youngkin v. Hines*, the TCPA applied to a fraud claim that Hines brought against his opponent's attorney—who made "a statement in a judicial proceeding" when he dictated into the court record during trial a Rule 11 settlement agreement that his clients later refused to complete—and the Court held that the attorney was entitled to dismissal of the claim against him under TCPA subsection 27.005(d) because he established his affirmative defense of attorney immunity. 546 S.W.3d 675, 680-81 (Tex. 2018). In *Winstead PC v. USA Lending Group, Inc.*, our sister court held that the TCPA applied to a legal-malpractice case in which a lawyer failed to include a request for damages in a default-judgment motion—a communication in a judicial proceeding—that he filed with the trial court. No. 12-20-00172-CV, 2021 Tex. App. LEXIS 2106, at *6 (Tex. App.—Tyler Mar. 18, 2021, pet. filed) (mem. op.). And in *Brown Sims, P.C. v. L.W. Matteson, Inc.*, our sister court determined that a former version of the TCPA—which more broadly encompassed legal actions "related to" a defendant's exercise of free speech, petition, or association rights—applied to a legal-malpractice claim filed against an attorney and his law firm expressly "because the claim *relates to* the exercise of the right to petition." 594 S.W.3d 573, 579 (Tex. App.—San Antonio 2019, no pet.) (emphasis in original).

9

Venero Law contends that Venero's licensure status is "irrelevant" and that it is irrelevant "to whom the right to petition belongs."[5]  But Venero was not a Texas-licensed attorney and Venero Law's right-to-petition argument relies exclusively on cases involving attorney-client relationships and attorney immunity, which are neither instructive nor precedential here.[6]

---

[5]  Along with their contention that Venero's licensure status is irrelevant, Venero Law contends that Cordova presented "nothing more than his affidavit" to support his allegations that Venero misrepresented himself as a Texas-licensed attorney rather than a certified foreign legal consultant.  But Cordova provided the district court with a printout from Venero Law's website containing statements that Venero:

- is a second[-]generation lawyer;

- is a senior lawyer with a solid international business background and almost 25 years of legal practice, including 12 years in the U[.]S. where he has worked for local law firms in Austin and also as in[-]house counsel in Fortune 500 Corporations (Apple Inc. and Diebold Inc.);

- [i]n 2016 [] reached a new career goal by opening his own law practice in Austin, Texas, offering legal services mainly in the International law arena but also in human rights;

- is leading Venero Law PLLC, which is a fast-growing law firm in Austin, still a family[-]oriented practice, but committed to supporting the vibrant immigrant community across the USA; and

- is [sic] admitted to the Venezuelan Bar since 1994 and is also affiliated to the State Bar of Texas as a Certified Foreign Legal Consultant since 2008.

These statements are similar to the averments in Cordova's affidavit about what Venero said and failed to say to him and are relevant to the pleaded claims against Venero Law.  Thus, we disagree that the affidavit was the only support for his allegations about Venero's representations concerning his licensure status in Texas.  *See* Tex. Civ. Prac. & Rem. Code § 27.006(a) (authorizing court to consider "supporting and opposing affidavits stating the facts on which the liability or defense is based").

[6]  Significantly, the Texas Supreme Court declined to "opine on whether an attorney has a constitutional right to petition that encompasses speaking on behalf of a client" and cautioned that its holding "is not to say that an attorney could not be held liable to his own client for

Consistent with our prior interpretation of the TCPA, and more persuasive in this context, are the cases that do not involve lawyers' statements or communications in judicial proceedings, which conclude that a defendant must show that a plaintiff's lawsuit implicates the *defendant's communications*, and thus, that the TCPA does not apply when movants fail to demonstrate their own exercise of a TCPA-protected right. *See e.g.*, *Sullivan v. Texas Democratic Party*, No. 03-19-00936-CV, 2021 Tex. App. LEXIS 2593, at *15 (Tex. App.—Austin Apr. 6, 2021, pet. filed) (mem. op.) (noting that "defendant must show that plaintiff's lawsuit implicates *defendant's* communications"); *Palladium Metal Recycling, LLC v. 5G Metals, Inc.*, No. 05-19-00482-CV, 2020 Tex. App. LEXIS 5866, at *6 n.9 (Tex. App.—Dallas July 28, 2020, no pet.) (mem. op.) ("Because section 27.005(b) requires the moving party to show by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association, showing that the legal action is based on, related to, or in response to *another* party's exercise of those rights is insufficient."); *Shields v. Shields*, No. 05-18-01539-CV, 2019 Tex. App. LEXIS 7982, at *11 (Tex. App.—Dallas Aug. 29, 2019, pet. denied) (mem. op.) (concluding that two parties failed to show any exercise of right to petition under TCPA and noting that party must rely on its own exercise of TCPA-related rights, not third party's); *Encore Enters., Inc. v. Shetty*, No. 05-18-00511-CV, 2019 Tex. App. LEXIS 3431, at *6-7, *9-10 (Tex.

---

misconduct similar to that alleged by Hines" about his opponent's attorney. *Youngkin v. Hines*, 546 S.W.3d 675, 681-82 (Tex. 2018); *see Snell v. Ellis*, No. 05-20-00642-CV, 2021 Tex. App. LEXIS 2600, at *13 n.18 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.) (noting that "it seems inharmonious to attribute an attorney's actions to a client in several contexts but attribute the attorney's communications to the attorney, not the client, in the TCPA context" and that attorney's communications while purportedly representing his client's interests implicate client's right to petition, not attorney's).

App.—Dallas Apr. 29, 2019, pet. denied) (mem. op.) (concluding that TCPA movants cannot rely on nonmovant's communications to satisfy movants' initial burden of showing exercise of right to speak, petition, or associate under subsection 27.005(b)); *see also S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 846 (Tex. 2018) ("The first step requires determining whether the defendant established that the plaintiff's suit was in response to the defendant's having exercised her constitutional right to free speech, petition, or association."); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (stating, in context of free-speech analysis, that "TCPA applicability requires only that the defendant's statements" be in connection with certain issues related to matters of public concern); *see In re Elliott*, 504 S.W.3d 455, 480 (Tex. App.—Austin 2016, orig. proceeding) (Pemberton, J., concurring) (noting "the unity Section 27.003(a) requires between the person whose free expression is threatened by the 'legal action' and the 'party' to the 'legal action' who can bring the motion").

Having properly viewed the pleadings "in the light most favorable to the nonmovant" Cordova, and "favoring the conclusion that the claims are not predicated on protected expression," *Rathbun*, 513 S.W.3d 504, we conclude that Venero Law failed to show that Cordova's lawsuit implicates Venero Law's communications. *Cf. Sullivan*, 2021 Tex. App. LEXIS 2593, at *15. Although Venero Law contends that "[t]he exercise of the right to petition in this instance is Mr. Cordova's Application to Adjust Status with the USCIS," the Application pertained to a federal proceeding that was initiated by Cordova for the purpose of securing his immigration status, and the statements in the application are, effectively, communications by Cordova. By relying only on Cordova's communication, Venero Law failed to satisfy their burden of showing that they exercised the right to petition under subsection 27.005(b). *See Palladium Metal Recycling*, 2020 Tex. App. LEXIS 5866, at *6 n.9; *Encore*

12

*Enters*., 2019 Tex. App. LEXIS 3431, at \*7, \*9; *see also Coleman*, 512 S.W.3d at 900; *Sullivan*, 2021 Tex. App. LEXIS 2593, at \*15; *In re Elliott*, 504 S.W.3d at 480 (Pemberton, J., concurring).

Because Venero Law did not meet their burden of showing that the TCPA applied, their motion to dismiss fails as a matter of law, and we do not reach whether Cordova met his burden to establish a prima facie case for each essential element of his claims. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b); *Bovee*, 2020 Tex. App. LEXIS 7945, at \*19; *Cavin*, 613 S.W.3d at 170; *Levatino v. Apple Tree Café Touring, Inc*., 486 S.W.3d 724, 729 (Tex. App.—Dallas 2016, pet. denied) (concluding that movant's failure to carry his threshold burden under subsection 27.005(b) rendered any discussion of parties' burdens to establish prima facie case under subsection (c) and affirmative defense under subsection (d) unnecessary). We overrule Venero Law's issue contending that the district court erred by denying their motion to dismiss.

## CONCLUSION

We affirm the district court's order.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Kelly
  Dissenting Opinion by Justice Goodwin

Affirmed

Filed:  November 12, 2021

13