**CONDITIONALLY GRANT and Opinion Filed October 31, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01053-CV**

**IN RE QUALITY CLEANING PLUS, INC., Relator**

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-08606**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Smith
Opinion by Justice Smith

Relator Quality Cleaning Plus, Inc. filed a petition for writ of mandamus and emergency motion for temporary relief challenging the trial court's discovery orders entered after Quality Cleaning filed a motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. Because we conclude that the trial court's discovery orders after August 24, 2022, violate the TCPA's mandatory stay of discovery, we conditionally grant the writ.

### Background

In the underlying proceeding, real party in interest Preferred Staff, LLC alleged that Quality Cleaning and real party in interest Richard Cardona, who is a former employee of Preferred, misappropriated confidential information and trade

secrets, converted property, tortiously interfered with existing and prospective contractual relationships, committed civil conspiracy, and were unjustly enriched by their misconduct. Preferred further alleged that Cardona breached his employment agreement, duty of loyalty, and fiduciary duty and that Quality Cleaning aided and abetted Cardona in committing the tortious acts of misappropriation, conversion, breach of fiduciary duties, and tortious interference. In addition to monetary damages, Preferred sought a temporary restraining order, temporary injunction, and permanent injunction to restrain Quality Cleaning and Cardona from breaching the confidentiality, conflict of interest, and non-solicitation provisions in Cardona's employment agreement; accessing, using, selling, disclosing, distributing, disseminating, or discussing Preferred's confidential information; deleting or otherwise destroying any data related to the allegations; and competing with Preferred for any of its actual or prospective candidates that Cardona communicated with during the course of his employment with Preferred. It also sought the return of all confidential information in Quality Cleaning and Cardona's possession.

The trial court granted a temporary restraining order, and Preferred sought expedited discovery, which the trial court granted on August 3, 2022. Quality Cleaning did not respond to discovery by the initial deadline on August 15, 2022, or by noon on August 17, 2022, as the trial court subsequently ordered.

On August 24, 2022, Quality Cleaning filed a motion to dismiss pursuant to the TCPA. *See* Civ. Prac. & Rem. § 27.003(b) (defendant may file a motion to

–2–

dismiss if "a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association"). Preferred filed a motion to compel discovery and sought sanctions. The trial court ordered Quality Cleaning to respond to Preferred's request for documents by September 6, 2022, and stated that the parties agreed to take the deposition of Quality Cleaning's corporate representative on September 12, 2022. The order also provided that the trial court considered the mandatory stay of discovery triggered by Quality Cleaning's TCPA motion to dismiss and found "the discovery stay mandate of the TCPA does not apply to discovery requests propounded on a party prior to the filing of the TCPA Motion to Dismiss." At that time, the trial court did not make any findings or orders on Preferred's motion for sanctions.

Preferred filed a second motion to compel discovery and for sanctions, and the trial court held a hearing on September 29, 2022. On October 4, 2022, the trial court entered an order outlining the occasions Quality Cleaning failed to respond to discovery, awarding Preferred $10,650 in attorney's fees, ordering Quality Cleaning to produce the documents requested in full and without redaction, extending the time for the corporate representative's deposition by four hours, and ordering the corporate representative to appear for deposition on October 10, 2022. By separate order, the trial court granted Preferred's application for a temporary injunction. The order indicates the temporary injunction was, in part, granted as a sanction against Quality Cleaning for failing to obey the trial court's previous orders.

This original proceeding followed. On October 7, 2022, we granted Quality Cleaning's emergency motion for temporary relief to the extent that we stayed all discovery in the trial court, specifically the deposition scheduled for October 10, 2022, pending resolution of the petition for writ of mandamus. We also requested and received a response from Preferred.

**Mandamus Relief**

To be entitled to mandamus relief, a relator must show that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without reference to guiding rules and principles. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam). As to discovery orders, mandamus is proper when the court of appeals cannot cure the discovery error on appeal such as when a discovery order allows discovery "well outside the proper bounds" of what is permitted under the law. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam); *In re Colonial Pipeline*, 968 S.W.2d at 941; *see also In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding).

Quality Cleaning argues that the trial court clearly abused its discretion by ordering discovery, even discovery that was propounded prior to the filing of the

TCPA motion to dismiss, and by concluding that the failure to respond to discovery could subject Quality Cleaning to an order to compel and sanctions. Quality Cleaning asserts that the trial court "further compounded its abuse of discretion when [it] granted RPI Preferred's motion to compel and for sanctions, awarded $10,650.00 in attorney's fees and enjoined Relator from conducting business with its customers," which caused Quality Cleaning to fall into breach of contract with its customers and employees. Thus, Quality Cleaning asks this Court to direct the trial court to stay further discovery and vacate the discovery sanctions and award of attorney's fees.

Preferred responds that the trial court did not clearly abuse its discretion. Preferred argues that the expedited discovery ordered was itself limited to evidence of Preferred's prima facie case to support a temporary injunction and the trial court ruled *both* that the discovery should have been responded to before Quality Cleaning filed its motion to dismiss *and* that Preferred had a right to the discovery under Section 27.006(b) because the discovery was so limited.[1] The record, however, does not support Preferred's argument. While the expedited discovery was limited in the

---

[1] Preferred also notes that the TCPA does not apply to covenant not to compete cases and, therefore, asserts that Quality Cleaning filed the TCPA motion for the purpose of blocking discovery regarding the temporary injunction not because it thought the TCPA motion would ultimately be successful. *See* CIV. PRAC. & REM. § 27.010(5) (providing that the TCPA does not apply to a legal action arising from an employee-employer relationship that seeks recovery for misappropriation of trade secrets or corporate opportunities or seeks to enforce a non-disparagement agreement or a covenant not to compete). Quality Cleaning has denied any ill-conceived motive and, regardless of its reasons, its motive for filing the TCPA motion to dismiss is irrelevant to whether the trial court complied with the mandates of the TCPA. The TCPA hearing is currently set for November 7, 2022.

amount ordered, none of the orders reflect that the discovery was limited to evidence to establish a prima facie case, nor do the orders reflect that the trial court considered that reason in granting the motion to compel and continuing to order Quality Cleaning to respond to discovery and appear for deposition after it filed its TCPA motion.

In *In re SPEX Group US LLC*, we concluded that a trial court could consider a request for a temporary restraining order or temporary injunction before deciding a motion to dismiss under the TCPA but that the trial court could not "permit unbridled discovery related to the request for injunctive relief before hearing and disposing of a motion to dismiss brought under the TCPA." No. 05-18-00208-CV, 2018 WL 1312407, at *4 (Tex. App.—Dallas Mar. 14, 2018, orig. proceeding [mand. dism'd]) (mem. op.). This is because, under the TCPA, "all discovery in the legal action is suspended until the court has ruled on the motion to dismiss." CIV. PRAC. & REM. § 27.003(c). Section 27.006(b) provides a limited exception to the mandatory suspension of discovery: "On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." *Id.* § 27.006(b). Thus, unless the trial court limits the discovery as is required by Section 27.006, the trial court has no discretion to order discovery until it rules on the TCPA motion. *See In re Elliott*, 504 S.W.3d 455, 465 (Tex. App.—Austin 2016, orig. proceeding).

Here, the discovery ordered was not limited to that which was "relevant to the motion" to dismiss. Although the trial court acknowledged at the August 29 hearing that it could order limited discovery under the TCPA, there is no indication in the record that the trial court considered the limitations of Section 27.006(b) when it entered its post-August 24 discovery orders. Instead, the trial court reasoned that Section 27.006(b) did not apply because the discovery was outstanding and due before Quality Cleaning filed its TCPA motion and, thus, the discovery was not suspended.

But the statute does not provide such an exception. It mandates that "*all* discovery in the legal action is suspended until the court has ruled on the motion to dismiss." CIV. PRAC. & REM. § 27.003(c). "All" is defined by Merriam-Webster as "the whole amount, quantity, or extent of"; "every member of individual component of'"; "the whole number or sum of"; "every." *All*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/all (last visited Oct. 21, 2022). Had the legislature wanted to provide an exception for outstanding discovery, it could have. But it did not; it said "all discovery" is suspended. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."). Neither we, nor the trial court, is permitted to rewrite the statute's text. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). Because Preferred did not request

limited discovery related to the allegations asserted in the TCPA motion and because there is no indication the trial court limited the discovery it ordered to information only related to the allegations raised in the dismissal motion, the trial court's post-August 24 discovery orders violate the TCPA's mandatory stay of discovery. Therefore, we conclude that the trial court clearly abused its discretion by granting discovery outside of what Section 27.006(b) permits and that Quality Cleaning does not have an adequate remedy on appeal from the discovery order. *See In re SPEX*, 2018 WL 1312407, at *4.

Quality Cleaning did not, however, carry its burden to show that the trial court clearly abused its discretion in awarding sanctions or in granting the temporary injunction. The record reflects that Quality Cleaning failed to comply with at least two of the trial court's discovery orders prior to filing its motion to dismiss under the TCPA. Thus, we cannot conclude that Quality Cleaning has shown on this record that the trial court clearly abused its discretion in awarding attorney's fees. Whether such fees were reasonable under the circumstances is not before us in this mandamus proceeding. Furthermore, the trial court's order granting the temporary injunction reflects that the trial court considered testimony of various witnesses and granted the temporary injunction on the merits, not just as a sanction. Whether the record supports a grant on the merits is also not before us in this mandamus proceeding.

**Conclusion**

The trial court abused its discretion by granting discovery in violation of the TCPA's mandatory stay on discovery.  We, therefore, conditionally grant the writ and direct the trial court to vacate its post-August 24, 2022 discovery orders.  A writ will issue only if the trial court fails to comply.  We deny all other relief requested by Quality Cleaning, and we lift our October 7, 2022 stay order.

/Craig Smith/
CRAIG SMITH
JUSTICE

221053F.P05